﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 191030-40609
DATE: June 30, 2020

ORDER

Entitlement to an effective date of February 22, 2016, but no earlier, for the award of service connection for posttraumatic stress disorder (PTSD) is granted.

Entitlement to an initial disability evaluation in excess of 30 percent for service-connected tension headaches associated with PTSD is denied.

REMANDED

Entitlement to service connection for a bilateral eye disability is remanded.

FINDINGS OF FACT

1. The Veteran’s claim of entitlement to service connection for insomnia was received in February 22, 2016.

2. Throughout the period on appeal, the Veteran’s headaches have not been manifested by very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability.

CONCLUSIONS OF LAW

1. The criteria for entitlement to an effective date of February 22, 2016 for the award of service connection of PTSD have been met. 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400.

2. The criteria for an initial disability rating in excess of 30 percent for tension headaches have not been met. 38 U.S.C. § 1155, 5107(b); § 38 C.F.R. §§ 3.102, 3.159, 4.2, 4.124a, Diagnostic Code 8100.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served honorably on active duty with the United States Army from July 2008 to June 2009, to include overseas service in Iraq.

The Veteran opted into the Rapid Appeals Modernization Program (RAMP) in September 2018 and elected the Supplemental Claim option. A July 2019 rating decision granted entitlement to service connection and assigned a 30 percent disability rating for headaches; denied service connection for bilateral corneal dystrophy with keratoconus, and denied entitlement to an earlier effective date for the award of service connection for PTSD. The Veteran appealed to the Board in October 2019 and selected the Direct Review docket. 

As previously mentioned, these matters are on appeal from a July 2019 rating decision. In that decision, the Agency of Original Jurisdiction (AOJ) found that the Veteran has a current diagnosis of bilateral corneal dystrophy and keratoconus. The Board is bound by these favorable findings. 38 C.F.R. § 3.104 (c). 

Although the Veteran seeks entitlement to service connection for bilateral corneal dystrophy with keratoconus, the record shows the Veteran has been diagnosed with other eye conditions, including photophobia and bilateral contraction of visual fields. Accordingly, the Board will broaden the Veteran’s claim to include any currently diagnosed eye condition. See Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009).

1. Entitlement to an earlier effective date for the award of service connection for PTSD

Unless specifically provided otherwise, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor. 38 U.S.C. § 5110 (a). This statutory provision is implemented by VA regulation, which provides that the effective date of an evaluation and award of compensation based on an original claim or a claim reopened after final disallowance will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 C.F.R. § 3.400.

In this case, the Veteran submitted a claim of entitlement to service connection for insomnia on February 22, 2016. The AOJ denied the claim in a September 2016 rating decision. The Veteran appealed, and in doing so, suggested that his sleep disturbances might be symptoms of a medically unexplained multi-symptom illness related to his in-service deployment to the Persian Gulf. In October 2017, the Veteran was afforded a VA mental disorders examination in connection with his claim. The Veteran reported sleep problems that started while deployed. The examiner diagnosed major depressive disorder and alcohol use disorder and found that chronic sleep impairment was a symptom that was actively applicable to his diagnosis. 

In December 2017, the Veteran submitted a supplemental claim of entitlement to service connection for PTSD. The Veteran was afforded a VA PTSD examination in connection with his claim in January 2018. In a March 2018 rating decision, the AOJ granted entitlement to service connection for PTSD effective December 13, 2017—the date VA received the Veteran’s supplemental claim. In an April 2018 notice of disagreement, the Veteran disagreed with the effective date assigned, contending that service connection was warranted back to February 22, 2016—the date VA received his claim of entitlement to service connection for insomnia. The Veteran, through his representative, cited to Clemons v. Shinseki, 23 Vet. App. 1 (2009) in contending, essentially, that insomnia falls within the scope of a mental disability, and that his February 2016 claim for insomnia should therefore be construed as a claim for PTSD.

In Clemons, the Court of Appeals for Veterans Claims held that the scope of a disability claim includes any disability that may reasonably be encompassed by the claimant’s description of the claim, reported symptoms, and the other information of record. In this case, the October 2017 VA examination report and available VA treatment records show that chronic sleep impairment is a symptom of his service-connected PTSD. Accordingly, the Board finds that the February 2016 claim for insomnia clearly encompassed any psychiatric disorders manifested by sleep disturbances and impairment, including PTSD. Therefore, entitlement to an effective date of February 22, 2016 for the award of service connection for PTSD is warranted.

2. Entitlement to an initial disability rating in excess of 30 percent for service-connected tension headaches associated with PTSD

The Veteran’s migraine headaches have been assigned a 30 percent rating for the entire period on appeal under 38 C.F.R. § 4.124a, Diagnostic Code 8100. Under Diagnostic Code 8100, a 30 percent rating is warranted for migraine headaches with characteristic prostrating attacks occurring on average once a month over the last several months. A maximum 50 percent rating is warranted for migraine headaches with very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability. 38 C.F.R. § 4.124a.

The rating criteria do not define “prostrating” as used in Diagnostic Code 8100. By way of reference, the Board notes that according to Webster’s New College Dictionary, 909 (3rd Ed. 2008), “prostrate” is defined as “physically or emotionally exhausted.” “Incapacitated” is listed as a synonym. A very similar definition is found in Dorland’s Illustrated Medical Dictionary, 1554 (31st Ed. 2007), in which “prostration” is defined as “extreme exhaustion or powerlessness.” 

The use of the conjunctive “and” in a statutory provision means that all of the conditions listed in the provision must be met. See Melson v. Derwinski, 1 Vet. App. 334 (1991). Here, because of the successive nature of the rating criteria, such that the evaluation for each higher disability rating includes the criteria of each lower disability rating (at least what could be considered most of them), each of the criteria listed in the 50 percent rating must be met in order to warrant such a rating. See Tatum v. Shinseki, 23 Vet. App. 152, 156 (2009).

The term “productive of severe economic inadaptability” is not defined by VA regulations. The Court of Appeals for Veterans Claims (Court), however, has stated that this term is not synonymous with being completely unable to work, and that the phrase “productive of” could be read to mean either “producing” or “capable of producing” economic inadaptability. See Pierce v. Principi, 18 Vet. App. 440, 446-47 (2004).

Turning to the evidence, the Board notes that the Veteran was afforded a VA examination in connection with his claim in September 2017. The examiner diagnosed tension headaches. The Veteran reported experiencing temporal headaches that worsened with decreased sleep and increased sleep. The Veteran reported that his headaches occurred daily, mostly in the afternoon, but that they could come on anytime. The Veteran denied taking medication for his condition. The Veteran reported experiencing pulsating or throbbing head pain with pain on both sides of the head. Non-headache symptoms associated with his headaches were sensitivity to light and diarrhea. He reported that the duration of typical head pain was one day, and it was located on both sides of the head. The Veteran reported experiencing prostrating attacks of migraine/non-migraine headache pain once every month. He denied experiencing very prostrating and prolonged attacks of migraines/non-migraine pain productive of severe economic inadaptability.

The examiner determined that the Veteran’s headaches impacted his ability to work, noting that the Veteran reported frequent headaches with light sensitivity that increased his frustration and depression symptoms. He denied taking any prescription medications for fear of turning into a “junkie” and therefore used only over-the-counter (OTC) medication. He reported that increase sleep helped with his symptoms and feeling calmer and more relaxed. He reported severe headaches approximately once a day, and that he had not been diagnosed with migraines and was able to “tough headaches out” with OTC medication. The examiner noted that the Veteran struggled with eyesight issues that significantly impacted his sensitivity to light, as well as mental health issues that made stress management more difficult. The examiner further noted that the Veteran reported that “headaches . . . [make] management of these issues much more difficult and can at times ‘tip the scales’ and put him in ‘suicide mode.’”

VA medical treatment records associated with the claims file from the period on appeal are silent for complaints of or treatment for headaches or headache pain.

Overall, after careful review of the evidence, the Board finds that a rating in excess of 30 percent is not warranted at any point during the period on appeal. As previously discussed, a 50 percent rating is warranted for migraines with very frequent, completely prostrating and prolonged attacks productive of severe economic inadaptability. The evidence in this case does not establish that the Veteran’s migraine headaches have reached such severity. While the Veteran has reported experiencing frequent severe headaches, he specifically denied very prostrating and prolonged attacks of migraine headache pain productive of severe economic inadaptability. Further, VA treatment records are silent for even complaints of headaches. The Board acknowledges the Veteran’s reports that his headaches make management of his eyesight and mental health issues more difficult and can at times put him in “suicide mode;” however, the Board notes that service connection is in effect for PTSD, and the currently assigned rating for that disability specifically contemplates symptoms of suicidal ideation. Because the Veteran’s headaches, alone, have not been shown to cause very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability, a 50 percent disability rating is not warranted.

The severity of the Veteran’s service-connected migraine headaches is best contemplated by the assigned 30 percent rating. Accordingly, the Veteran’s claim for a higher initial rating must be denied. 

REASONS FOR REMAND

Entitlement to service connection for a bilateral eye disability is remanded.

As previously mentioned, the Veteran’s claim of entitlement to service connection for bilateral corneal dystrophy with keratoconus was denied in a July 2019 rating decision. The Veteran appealed to the Board in October 2019 and selected the Direct Review docket. Under the Direct Review option, the Board’s review is limited to the evidence on record at the time of the underlying rating decision. However, the Board will remand claims to the AOJ to correct pre-decisional duty to assist errors.

In this case, the Board finds that remand is warranted to correct a pre-decisional duty to assist error. Specifically, the record shows the Veteran had both active duty and reserve service, but his periods of active duty for training (ACDUTRA) and inactive duty for training (INACDUTRA) have not been verified. The available evidence shows active service from July 2008 to June 2009, but STRs are available through 2012. Indeed, the record indicates the Veteran was put on a temporary physical profile for decreased visual acuity in January 2011, then a permanent physical profile for vision problems in September 2012. The VA examiner who completed the September 2016 VA eye examination did not mention the vision-related physical profiles in his report, and it is unclear the extent to which the vision problems documented in STRs are related to periods of ACDUTRA and INACDUTRA. On remand, shall attempt to verify the Veteran’s periods of ACDUTRA and INACDUTRA. 38 C.F.R. § 3.159 (c)(2).

The matter is REMANDED for the following action:

(Continued on the next page)

 

Contact the National Personnel Records Center (NPRC), Joint Services Record Research Center (JSRRC), or any other appropriate service department offices, to verify the specific dates when the Veteran was on active duty, ACDUTRA, and/or INACDUTRA, in addition to his documented period of active service from July 2008 to June 2009.

 

 

L. CHU

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board G. T. Raftery, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.